UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-cv-10460-RGS

CITY OF FRAMINGHAM

v.

DURHAM SCHOOL SERVICES, L.P.

MEMORANDUM AND ORDER ON DEFENDANTS'
MOTION TO AMEND ANSWER AND ADD COUNTERCLAIMS

March 7, 2024

STEARNS, D.J.

Defendant Durham School Services, L.P. (Durham) seeks leave to amend its Answer to add counterclaims against plaintiff City of Framingham (the City). The City opposes on grounds of undue delay and futility. For the following reasons, the court will deny the motion.

Fed. R. Civ. P. 15(a) provides that a court should "freely give" a party leave to amend its pleading "when justice so requires." This standard is "liberal" and favors amendment. *United States ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009). It does not, however, require the district court to "mindlessly grant every request for leave to amend." *Calderon-Serra v. Wilmington Tr. Co.*, 715 F.3d 14, 19 (1st Cir. 2013), quoting *Aponte-Torres v. Univ. of Puerto Rico*, 445 F.3d 50, 58 (1st Cir.

2006). If, after examining "the totality of the circumstances" and balancing "pertinent considerations," the court is convinced that the motion would reward undue delay and the absence of due diligence or be futile, the court retains discretion to deny the request. *Mulder v. Kohl's Dep't Stores, Inc.*, 865 F.3d 17, 20-21 (1st Cir. 2017), quoting *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006).

    Durham's delay in affirmatively asserting its claims has been undue. Even accepting as true that Durham only "uncovered the factual basis for its proposed counterclaims during pre-mediation investigation and discovery," Reply [Dkt # 44] at 5 – an implausible assertion, given the fact that the June 2020 emails allegedly giving rise to its claims were sent directly to two Durham representatives (including its Senior Vice President) – Durham knew the mediation efforts underlying the court's stay had failed as of November 20, 2023. It offers no explanation for its decision to nonetheless wait until now, several months later (one full month, moreover, after the court set a revised pretrial schedule), to seek leave to add counterclaims. *See Hum. Res. Dev. Press, Inc. v. IKON Office Sols., Inc.*, 246 F.R.D. 82, 86 (D. Mass. 2007) ("Although Rule 15(a) does not prescribe a particular time limit for a motion to amend, it is well established that such a motion should be made as soon as the necessity for altering the pleading becomes apparent.").

## ORDER

For the foregoing reasons, defendant's motion for leave to amend answer and add counterclaims is DENIED.

        SO ORDERED.

        /s/ Richard G. Stearns
        UNITED STATES DISTRICT JUDGE